DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Huron County Court of Common Pleas, following a jury trial, in which the trial court found appellant, Jason Dellinger, guilty and sentenced him to serve a total of 16 years in prison.
 {¶ 2} On appeal, appellant sets forth the following two assignments of error:
 {¶ 3} "1. The court erred to the prejudice of appellant by violating his due process rights under the Fourteenth Amendment to the United States Constitution when it imposed a greater aggregate sentence at trial after appellant's first conviction was reversed and remanded on appeal.
 {¶ 4} "2. The trial court erred to the prejudice of appellant when it sentenced him to the maximum term of imprisonment for Count VII contrary to Ohio Revised Code sections 2929.14(C) and2929.19(B)(2)(d)."
 {¶ 5} In September 2001, appellant was indicted on nine criminal charges. The charges related to two separate incidents occurring on August 17, 2001, and August 25, 2001, in which appellant and an accomplice illegally entered the home of Paul Gallo, an elderly man who suffers from both Parkinson's disease and arthritis. On the first occasion, the two intruders cut Gallo's telephone line and entered his home, where they threatened to beat him with a cane, put a pillowcase over his head, and isolated him in the bathroom, which they tied shut with a jump rope. Items stolen from Gallo's home on that occasion included $450 in cash, several cameras, and a cell phone.
 {¶ 6} On August 25, 2001, the two intruders again went to Gallo's home, where they attempted unsuccessfully to cut the telephone line, which had been repaired and encased in steel. They then broke a window in a garage door and entered the garage, where they hid under Gallo's truck. Upon hearing a noise in the garage, Gallo telephoned the police, who eventually apprehended appellant and his accomplice when they attempted to flee from the garage into a nearby woods.
 {¶ 7} Relating to the events on August 17, 2001, appellant was charged with one count each of aggravated robbery, a first degree felony; robbery, a second degree felony, burglary, a second degree felony, kidnapping, a second degree felony, disrupting public services, a fourth degree felony, and theft, a fifth degree felony. Relating to the events on August 25, 2001, appellant was charged with one count each of burglary, a second degree felony, possession of criminal tools, a fifth degree felony, and attempted disruption of public services, a fifth degree felony.
 {¶ 8} Appellant agreed to plead guilty to one count of aggravated robbery arising from the August 17 incident, and one count of burglary arising from the August 25 incident, in exchange for the state's agreement to dismiss the remaining seven charges. After holding a plea hearing pursuant to Crim.R. 11, the trial court accepted appellant's guilty plea; however, before the sentencing hearing was held, appellant filed a pro se motion to withdraw his guilty plea. After holding a hearing at which the trial court questioned both appellant and his court-appointed attorney, the motion to withdraw the plea was denied. The trial court later sentenced appellant to serve consecutive prison terms of eight years for robbery and seven years for burglary, for a total of fifteen years in prison.
 {¶ 9} Appellant filed a timely notice of appeal and, on September 6, 2002, this court reversed the conviction, after finding that the trial court erred by: 1) failing to appoint new counsel to represent appellant at the hearing on the motion to withdraw the plea; and 2) not allowing appellant to withdraw his plea. State v. Dellinger, 6th Dist. App. No. H-02-007, 2002-Ohio-4652. On remand, the matter proceeded to a jury trial, after which appellant was convicted of all nine criminal charges.
 {¶ 10} At the time of the second sentencing, the trial court merged appellant's robbery conviction with the conviction for aggravated robbery. The court then sentenced appellant to serve concurrent prison terms of eight years for aggravated robbery, five years for burglary, four years for kidnapping, and ten months each for disrupting public services and theft arising from the August 17 incident. The trial court also ordered appellant to serve concurrent terms of eight years for burglary and ten months each for possession of criminal tools and attempted disruption of public services arising from the August 25 incident. The two sets of concurrent prison terms were made consecutive to each other, for a total of 16 years in prison. A timely notice of appeal was filed.
 {¶ 11} Appellant asserts in his first assignment of error that his constitutional right to due process was violated because the record contains no evidence that the trial court sentenced him to a greater term of imprisonment after his "second trial" for any reason other than the fact that he exercised his right to a jury trial. We disagree, for the following reasons.
 {¶ 12} In North Carolina v. Pearce (1969), 395 U.S. 711, the United States Supreme Court held that the imposition of a more severe sentence on a defendant after a new trial raises a presumption of vindictiveness that must be rebutted on the record by objective information concerning the defendant's conduct occurring after the time of the original sentencing proceeding. Id. at 726. However, in Alabama v. Smith (1989), 490 U.S. 794, the United States Supreme Court recognized that the information obtained through a jury trial is usually far more extensive than that necessary to verify that a guilty plea is "voluntary" and "intelligent." Id. at 801. Thereafter, the Smith court held that "there is no basis for a presumption of vindictiveness where a second sentence imposed after a trial is heavier than a first sentence imposed after a guilty plea * * *." Id. at 803.
 {¶ 13} In this case, the trial court stated in its October 23, 2002 sentencing entry that it was aware of the prior proceedings in this case, and that appellant received a 15 year sentence after entering his guilty plea. However, the court further noted that the details of appellant's crimes became more apparent after a full jury trial than they were at the Crim.R. 11 hearing on his guilty plea, thereby justifying a departure from the original sentence.
 {¶ 14} This court has reviewed the entire record in this case and, upon consideration thereof and the law, finds that appellant's constitutional rights were not violated merely because the trial court sentenced him to serve a longer prison term after his conviction on remand Appellant's first assignment of error is not well-taken.
 {¶ 15} Appellant asserts in his second assignment of error that the trial court erred by sentencing him to serve eight years in prison for the offense of burglary, a second degree felony, without making required findings on the record pursuant to R.C.2929.14(C) and R.C. 2929.19(B)(2)(d).
 {¶ 16} R.C. 2929.14(A)(2) provides that, "for a felony of the second degree, the prison term shall be two, three, four, five, six, seven, or eight years." R.C. 2929.14(C) provides, in relevant part, that:
 {¶ 17} "the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, [or] upon offenders who pose the greatest likelihood of committing future crimes * * *."
 {¶ 18} In addition to the above, pursuant to R.C.2929.19(B)(2), the trial court must give its reasons for imposing the maximum sentence in either of the following circumstances:
 {¶ 19} "(d) If the sentence is for one offense and it imposes a prison term for the offense that is the maximum prison term allowed for that offense by division (A) of section 2929.14 of the Revised Code * * *;
 {¶ 20} "(e) If the sentence is for two or more offenses arising out of a single incident and it imposes a prison term for those offenses that is the maximum prison term allowed for the offense of the highest degree by division (A) of section 2929.14
of the Revised Code * * *."
 {¶ 21} It is undisputed that appellant was sentenced for more than one offense that arose out of two separate incidents. Accordingly, the trial court was not required to make the findings mandated by R.C. 2929.14(B)(2)(d) and (e) in this case. However, that issue is not entirely dispositive of appellant's second assignment of error, for the following reasons.
 {¶ 22} In State v. Edmonson (1999), 86 Ohio St.3d 324,1999-Ohio-110, the Supreme Court of Ohio held that, when the maximum prison sentence is imposed, the record must contain a finding that the offender "fits within one of the categories of offenders in R.C. 2929.14(C)." Id. at 329. In this case, neither the transcript of the sentencing hearing nor the trial court's sentencing judgment entry contains a finding that satisfies one or more of the listed criteria in R.C. 2929.14(C). Accordingly, appellant's second assignment of error is well-taken.
 {¶ 23} The judgment of the Huron County Court of Common Pleas is hereby affirmed in part and reversed as to the issue of sentencing raised in appellant's second assignment of error, and the case is remanded to the trial court for resentencing in accordance with this opinion. Court costs of these proceedings are assessed to appellee, the state of Ohio.
Judgment Affirmed in part, and Reversed, in part.
Pietrykowski, J., concurs.
Judith Ann Lanzinger, J. dissents.