DECISION AND JUDGMENT ENTRY
{¶ 1} This accelerated appeal comes to us from the imposition of sentence issued by the Huron County Court of Common Pleas following a jury verdict finding appellant guilty of nine separate offenses. Because we conclude that appellant's case presents no arguable issues meriting review, we affirm the judgment of the trial court.
 {¶ 2} In October 2002, following a jury trial, appellant, Jason Lee Dellinger, was found guilty on nine counts of an indictment.[1]
Appellant was sentenced. On appeal, the conviction was affirmed, but reversed on sentencing issues and was remanded for re-sentencing. SeeState v. Dellinger, 6th Dist. No. H-02-050, 2004-Ohio-889. Thus, the only issues reviewable in this appeal are those relevant to appellant's re-sentencing.
 {¶ 3} On remand, appellant was sentenced to prison terms as follows:
 {¶ 4} Count 1 — Aggravated Robbery (felony of the first degree) 8 years
 {¶ 5} Count 2 — Robbery (felony of the second degree) 7 years
 {¶ 6} Count 3 — Burglary (felony of the second degree) 7 years
 {¶ 7} Count 4 — Kidnapping (felony of the second degree) 7 years
 {¶ 8} Count 5 — Disrupting Public Services (felony of the fourth degree) 17 months
 {¶ 9} Count 6 — Theft (felony of the fifth degree) 11 months
 {¶ 10} Count 7 — Burglary (felony of the second degree) 7 years
 {¶ 11} Count 8 — Possessing of Criminal Tools (felony of the fifth degree)1 months
 {¶ 12} Count 9 — Attempted disrupting Public services (felony of the fifth degree) 11 months
 {¶ 13} Counts 1 through 6 are to be served concurrently; Counts 7 through 9 are to be served concurrently to each other and consecutively to Counts 1 through 6. The aggregate sentence was 15 years.
 {¶ 14} Counsel appointed to pursue appellant's appeal has filed a brief and motion requesting withdrawal as appellate counsel, pursuant to the guidelines established in Anders v. California (1967), 386 U.S. 738. Counsel states that, after careful review of the record and legal research, he cannot discern any "arguable, non-frivolous issue for appeal." Anders, supra, at 744. Counsel further states that he has advised appellant of his right to file a brief on his own behalf, and that a copy of both the brief and motion to withdraw have been served upon appellant. Appellant has filed no brief on his own behalf.
 {¶ 15} We are required, pursuant to Anders, supra, to thoroughly and independently review the record to determine that counsel has made a diligent effort and that the proceedings below were free from prejudicial error and conducted without infringement of appellant's constitutional rights.
 {¶ 16} Upon consideration, we conclude that counsel's brief is consistent with the requirements set forth in Anders, supra and Pensonv. Ohio (1988), 488 U.S. 75. Counsel for appellant sets forth two potential assignments of error: 1) that the trial court erred in imposing consecutive sentences, and 2) the trial court erred by sentencing appellant to more than the minimum because it failed to state reasons why a minimum sentence would demean the seriousness of appellant's crime or that the public would not be adequately protected.
 I. {¶ 17} In the first potential assignment of error, counsel proposes that the trial court erred in imposing consecutive sentences.
 {¶ 18} Pursuant to R.C. 2929.14(E)(4) and 2929.19(B)(2)(c), to impose consecutive sentences, "a trial court is required to make its statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing." State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, paragraph one of the syllabus.
 {¶ 19} As required by Comer, at the sentencing hearing the trial court specifically found: 1) that consecutive sentences were necessary to protect the public and to punish appellant; 2) that the consecutive sentences are not disproportionate to the conduct or the danger that appellant poses; and 3) that the harm caused by appellant's acts was so great and unusual that a single term would not adequately reflect the seriousness of his conduct. In support of those findings, the trial court noted that recidivism was likely since appellant has a history of criminal convictions and juvenile delinquency adjudications and had not previously responded favorably to the non-prison sanctions imposed. Appellant also had a drug and alcohol abuse pattern related to the offense, and had not responded to treatment offered to him in the past. The court also noted that that the victim's injuries were exacerbated by his age and he suffered serious psychological harm as a result of the incident. Acknowledging that appellant now appeared to be genuinely remorseful for his actions, the court found that the presumption against prison for the fourth and fifth degree felonies was overcome by appellant's threat to the victim of actual physical harm with a weapon. Therefore, the trial court made the required findings. Accordingly, the first potential assignment of error is without merit.
 II. {¶ 20} In the second potential assignment of error, counsel proposes that the court failed to set forth its reasons for its findings in support of the nonminimum sentences.
 {¶ 21} Under R.C. 2929.14(B), when imposing a nonminimum sentence on a first offender, a trial court must make requisite statutory findings pursuant to R.C. 2929.14(B) at the sentencing hearing. Comer, supra, at paragraph two of the syllabus. The trial court need not give specific reasons, however, for those findings. Comer, supra, at ¶ 26, fn2, citing to State v. Edmondson (1999), 86 Ohio St.3d 324, 326.
 {¶ 22} In this case, although appellant had not served a prison term prior to these convictions, as we previously noted, the court discussed the facts it considered in imposing sentences. Although not required, the trial court's discussion adequately supported its R.C. 2929.14(B)(2) findings that a minimum term "would demean the seriousness of the offense and it would not adequately protect the public." Therefore, the trial court's imposition of more than the minimum sentence for appellant's offenses was proper. Accordingly, the second potential assignment of error is also without merit.
 {¶ 23} Moreover, we have conducted our own independent and thorough review of the record to determine whether the trial court proceedings were free from prejudicial error and conducted without infringement of appellant's constitutional rights. We find no such error. We conclude, therefore, that this case presents no arguable issues meriting review; we further determine this appeal to be without merit and wholly frivolous. Appellate counsel's motion to withdraw is hereby granted.
 {¶ 24} The judgment of the Huron County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant in accordance with App.R. 24.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Pietrykowski, J., Glasser, J. Concur.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.
[1] Appellant originally pled guilty to two counts in November 2001 and was sentenced. On appeal, that conviction was reversed on the basis of the trial court's denial of appellant's motions to withdraw his plea and for the appointment of new counsel for the plea withdrawal hearing. SeeState v. Dellinger, 6th Dist. No. H-02-007, 2002-Ohio-4652. On remand, a jury trial was held on the original nine count indictment. Evidence presented at trial showed that appellant and a male accomplice cut phone lines to and broke into an elderly man's home, tied him up, put a pillow case over his head, and locked him in a bathroom while they robbed his home. The two assailants then returned and tried to break in again two weeks later, but were apprehended while hiding under a truck in the elderly man's garage. See State v. Dellinger, 6th Dist. No. H-02-050, 2004-Ohio-889.